Case number 14-7047, Whitney Hancock on behalf of herself and all other similarly situated, and Jamie White on behalf of herself and all other similarly situated appellants, v. Urban Outfitters, Inc. et al. Mr. Chernoff for the appellants, Mr. Burns for the appellees. Good morning, Mr. Chernoff. Good morning. May it please the court, Mike Chernoff and Scott Perry on behalf of the appellants. Your Honor, the posture that we arrive here is this is a case that was dismissed on a 12 v. 6 without a hearing and with prejudice. There is no question or dispute that dismissal with prejudice is highly disfavored in this circuit, and particularly where there was no opportunity for an oral argument and no opportunity to amend whatsoever. Did you file a Rule 59 motion asking leave to amend your complaint? We did not, Your Honor. Why not? Wouldn't that be the obvious thing to do if you wanted to have an opportunity to amend to address the concerns? Well, obviously we would not move to amend prior to... My question is why wouldn't you have filed a Rule 59 motion? Well, I think we addressed it briefly in a footnote, Your Honor, but frankly because it wasn't a question of one issue. The trial court, seriatim, in complete contrast to both the 12 v. 6 standard and the liberal standard required to construe consumer protection statutes, completely did the reverse analysis of every single element. The court did not seem interested. I mean, that's the short version, is that this court didn't say, oh, I think this is a close call, here's one issue. The court from start to finish started from the wrong place and ended far, far away in the wrong place. And frankly, we thought it was futile to seek a post-ruling opportunity to amend. That's the answer, Judge. And what injury did the named plaintiffs suffer from this swiping of their cards and then asking for a zip code? They suffered an Article III standing injury. Can you tell me what that Article III standing injury is? That the named plaintiffs individually suffered? They have a right to not have their address and zip code information requested during or as a condition of the transaction. That's a statutory right that's created by the District of Columbia. And as soon as it's violated, it creates standing, which I believe, I know this court asked us to brief the standing issue, but I believe that Appellees have conceded. Well, you can't concede your way into jurisdiction. We have to independently determine that. Fair enough, Your Honor. So, I just want to be crystal clear. The only injury that you allege that the named plaintiffs suffered was that they were asked for a zip code when, in your view of the law, they should not have been. That's correct, Your Honor. Is there any other injury? There is not, and under the Floyd line of cases, that's all we need. What was the redress you were going to get for that injury? The redress is, there's two statutes here, Judge. What is the redress you were going to get for that injury? $2,000, $500, and $1,500, but obviously multiplied by the number of folks that this affected. There's four stores of Anthropology and Urban Outfitters in District of Columbia. The time period is three years. We are assuming we never even had an opportunity to do any discovery, but we have reason to believe that, at minimum, there would be at least one credit card transaction every 10 minutes. Does the word zip code appear in the statute? It does not. The word in the statute is address, right? The word is address, but as we… Do you think if you sent a letter to Davidson Hill in 2001 and that's the only thing you put on the envelope he would get from me? Judge, no. If your answer is that a complete address, the answer is no. The problem is that the lower court started from the wrong premise. All Consumer Protection Act statutes must be construed to affect their purpose. In fact, the Consumer Protection Act, it says it right in the statute. It's great language. This judge did not do that. She started… Everything was designed to disfavor the plan. So it's contrary to both the jurisprudence and it's contrary to Rule 12b-6. And let me address that. I think I used one of these examples in our brief. The way this opinion has been written, because she is… The trial court is writing in the word complete or full into a remedial statute. What it means is that I could go to the Urban Outfitters store, present my credit card. They could ask for the name. I'm not sure she wrote complete or full in. She said, I think, would you agree that if instead of asking for zip code they asked for country? You live in the United States, you live in a foreign country. Would that be sufficient? Because technically that's part of your address as well. Would that violate the statute? It's an interesting example, Judge. I don't know if… What's a component of the address? Well, Judge, I mean, I suppose you're trying to go down the path of the slippery slope. I'm trying to understand what your legal theory is here. And I thought, you know, if it's component… It can't be any component of the address or else USA would work. Your Honor, that would be an awfully broad definition of an address, which is the ability to locate someone with some specificity. I understand that the court focused on the zip code aspect in particular. Which is not focusing any specificity on the identification of the location of the person. The zip code, as you admitted when I asked you the example, is not an address. The zip code, to be clear, I don't think I've conceded that. And we addressed this in the brief. Let me be clear. The zip code is an integral part of the address. It doesn't make it an address. The person's name is also an integral part of the address. If this was a criminal… And they get that every time they swipe a card. I understand, Judge. If this was a criminal statute and we're dealing with strict interpretation and constitutional issues, I would understand and might even agree with that argument. This is a civil statute. It is a remedial consumer-oriented statute. And under the reading that this lower court has provided, they could ask me for the street I live on, my number, unit number. I don't think the court said any such thing. I believe I read this opinion. I don't remember the court saying anything. The court didn't say that, Judge. What I'm saying is that her analysis is identical or analogous to it. And it gets worse than that. Wait, wait, wait. Before you go there, where did you plead that they were asked, assuming a zip code is an address, where did you assert that the plaintiffs were asked for your interpretation of address, asked for an address as a condition of the transaction? It's a fair question, Judge. We didn't, you know, if the critique… You dismiss. I'm sorry? That's 12B6. You dismiss. You clearly don't fit the terms of the statute. You're gone. I respectfully disagree, Judge. I wouldn't have even written anything if I'd been the trial judge. You don't assert a violation of the statute. What we assert is that there is a violation because… No, you can't just say I'm here and there's a violation of the statute. You've got to show injury consistent with the statute of factual theory. The injury you would be asserting, that as a condition of doing business, I had to give an address. You did not assert that. What I believe that we asserted in the complaint… I'm looking at it. …is that the credit card was provided, and before the transaction was completed… No, no, it was afterwards. I think we're caught up in what we're talking about transaction, Judge. The credit card… First of all, there's no allegation that you had to give that zip code as a condition of doing business. The second thing is, on your assertions, not anybody else's, they weren't asked for the zip code until after the credit card had been swiped. That's the violation. They're not making it as a… You don't assert that it's as a condition of completing this transaction. They took the credit card, swiped it. The transaction is over by your assertion of the facts, and no one, according to you, ever said, I can't complete this sale unless you give us the zip code. They asked for a zip code, but you don't assert it was as a condition of completing the sale. The request for the zip code was made in the middle of the transaction after… It was made after the swipe, according to you. Correct. Before the credit card is returned to the customer. Yeah. And the implication is that there is a security purpose… Because the statute requires that it be as a condition of. That's the first thing I looked at, forgetting your argument on zip, whether a zip code is an address. Otherwise, the statute would be really bizarre. The statute says it has to be as a condition of doing business, and you don't assert that it was. Your Honor, at minimum, under the 1286 standard, that all reasonable inferences be provided in favor of the movement. Clearly, in the temporal aspect of this transaction, the credit card is handed over, they swipe it through the credit card machine, and then they ask for the zip code so they can use it for their own purposes. The consumer thinks that they're using it in real time, like at a gas station, for some sort of correspondence. They may be using it for their own purposes, but it's not a condition of doing business, which is what the statute requires. I don't think the statute requires magic words to be used. I hereby require you to give me the zip code as a condition. You raised something I really hadn't thought of. When the gas station, when you have to punch in on the pump, your zip code, are they validating the statute? No, they're not. Why are they not? Because that's actually being used for a security purpose where they're in real time corresponding the zip code of the billing address of the credit card holder. They're actually verifying that it's the correct user. That's why it's fraudulent. That might make sense if the statute had a security exception, which I think other states do. But this statute doesn't say you can ask for it for security reasons. The State Department doesn't have the word security in there. The answer as to why the gas stations are not in violation is that there's no person requesting it. It's automated. I can't get my gas unless I put that zip code there. But it is a condition. That's a real condition as opposed to what you're asserting in this case. Well, maybe we should sue Exxon, Judge, but having said that, we sued Urban Outfitters. And what it comes down to is most consumers believe that just like when they're having to put in that information at a gas pump, that's what they think is going on. With the left hand, they're swiping the credit card, and they're putting the zip code information into their own database, which is a completely fraudulent and deceptive purpose, and it violates both the Consumer Protection Act and it violates the Consumer Information Act. And I appreciate the Court's questions, but for the trial court on a 12 v. 6 standard, and I even had an opportunity to cite the cases, EC v. RCM of Washington, Inc., which is from last year, 92A3305, the entire purpose of a DC remedial statute is liberally to accomplish their purpose and extend their coverage. But you've got to assert an injury that is cognizable under the statute. You haven't asserted the injury that is cognizable under the statute, that this was done as a condition of doing business with the merchant. You have to assert that. That's true. You don't have to prove that that assertion is correct. We'll assume it at the 12 v. 6, but if you don't even assert it, you're out on 12 v. 6. All right. Let me try to address it this way. Radio Shack, which I understand now is in bankruptcy, if you may recall, they wanted from time to time to ask you for your phone number. And most people are sort of taken aback by that. They don't want to give your phone number because they think, why, you don't need my phone number to process my credit card. And they'll even ask it, you know, when you're paying with cash, and they want it for their own advertising purposes. But what's going on here is that under the guise of some sort of security or other purpose, they're asking for consumer information that they're not allowed to request. Well, we're going in circles. That's not what the statute says. Let's see what Urban Outfitters has to say. Thank you. Thank you. Good morning, Your Honors. James Burns for Urban Outfitters and Anthropology here this morning. I was very surprised that you conceded standing, given that your allegation that a mere violation of a statute creates an Article III injury is a hotly contested issue that the Supreme Court has wrestled with. Yes, I understand that, Your Honor. Our reading of the cases, particularly Bell v. Hood, suggested to us that if you allege a statutory injury, that at the trial court level it's within the discretion of the trial court, and it's best in most cases for the trial court to view the elements of that claim on the merits and to reach the issue under 12b-6 rather than dismissing on jurisdiction. Well, the Supreme Court has spoken a lot more recently than Bell v. Hood. In the Clapper case. In Clapper and Lujan and said that merely asserting that the violation of a statutory requirement is your injury is not necessarily going to be sufficient for Article III standing. It's very much an open question. And they've been crystal clear in more recent years that you do not get to leapfrog overstanding and decide a merits question. And so I guess I'm a little curious. It seems to me that it's a very open standing question here. But we're not getting any argument from your client when it would be you're out of the case either way. Well, Your Honor, we're out of the case either way, as you say. And I think the more appropriate way for us to be out of the case, in fairness to my client, is for the affirmance of a ruling that literally for reality. It's not appropriate at all if there's no standing. And it's unconstitutional for us to do it. Yes, I understand that, Your Honor. I understand that, Your Honors. But I think Bell v. Hood's direction that the district court should address it on the merits, and the words used in that case and more recent cases by this court and others is unless it's patently frivolous. And I don't hear the court saying that their claim is patently frivolous. Quite frankly, we did raise subject matter jurisdiction as a basis for dismissal below. No, I mean, I think you're twisting Bell v. Hood. Bell v. Hood is generally understood to mean we can find no jurisdiction in that strange circumstance that what's before us is just patently frivolous. It's not a pure jurisdictional case. But the court said if someone comes in and said the world is, the sky is falling and I'm suing, it's some absurd thing. The court said if it's just patently frivolous, we can throw it out on the stand. It doesn't say what you're suggesting, that is, that the court should jump to the merits. That's not the import of that case. The import of that case is it's a category to determine jurisdiction that doesn't necessarily look like jurisdiction. That's all. We cite as well in our brief Carr v. Tillery from the Seventh Circuit, which seemed to me to suggest precisely what I just described Bell v. Hood as standing for. Not for the D.C. Circuit, though, right? That's not the D.C. Circuit. That's where we are. And we've never said that. But it doesn't matter. I think the question, my colleagues, is you've got to address standing if there's a standing issue. And I don't know how you can have standing, even if you can rest on a statute, if you're not asserting the injury that arguably would flow from the violation of the statute, which isn't asserted here. Why don't you concede that you wrongly conceded standing? You're up here defending a point that doesn't seem to be in your interest. Well, in all candor, Judge Santelli, it is most assuredly in my interest not to concede standing here, because I believe in all we can do. No, no. We have a miscommunication, Your Honor. I believe it would be a terrible mistake for me to say there is no standing here, because I believe this case deserves and should be dismissed on the merits. Well, you know the Supreme Court thinks that if there's no jurisdiction, courts can't go to the merits. I understand that, Your Honor. Even if the result would come out to be the same party winning. We've been told that by the Supreme Court. I understand that, Your Honors. And if Your Honors believe that there is no standing under Clapper and that Bell v. Hood does nothing to permit Judge Howell to reach the merits, then I understand you will be compelled to dismiss on jurisdictional grounds. I think that would be, in the facts of this particular case, quite unfortunate, because all it would do would allow these folks to go back with this exact same claim in the D.C. court system. And I think that would be not only inefficient, but it would be a terrible injustice to businesses in the district trying to obey the law. If we don't have jurisdiction, we can't go to the merits, and therefore we can't create precedent on the merits. That's the idea. I understand completely. And I do not dispute what you are saying, not one iota. So you might be sad or disappointed or less happy with winning on that ground. Do you understand the plaintiffs to have suffered any asserted injury? Since you've given up on standing, what do you understand their article for injury to be? It is most assuredly not the type of standing required under Clapper because a threat of potential privacy violation or whatever doesn't satisfy Clapper. Do you understand them to be alleging that this is a privacy invasion? What I understand them to be saying now, at least, is that the violation of a statutory right under Worth v. Sedlin is sufficient for standing. Even if you, the plaintiff, have not suffered it? Yes, there is D.C. law on that. The Grayson case from the D.C. Court of Appeals indicates that even if— The D.C. Court of Appeals doesn't determine our Article 3 standing. I understand that. But they interpreted the D.C. Wait, I want to make sure I'm understanding what you're saying because you're really going far afield. Do you think that a person can assert and achieve standing by saying there's a violation of a statute going on? Have you been violated? No, I'm not asserting any personal injury, but there are violations going on, and we would have to address that? Judge Edwards, I moved on standing below.  No, no, I'm asking you to clearly understand your theory. Do you think that we can address a case like that under established law? I think you can address a case— Where the plaintiff doesn't assert the injury that might flow from the statute? Doesn't him or herself say, I was injured in a way that is cognizable under the statute? But there has been a statutory violation. Do you think we would address that? If the statute provides for suing on behalf of the public, I'm not sure that that would be improper. I'm not even sure what that means. I'm sorry, Judge, I couldn't hear you. Do these plaintiffs have the advantage of a statutory right to sue on behalf of the public? The D.C. Statute, the Consumer Protection Statute, apparently permits a claim on behalf of others, even if you are not individually harmed in the way that Clapper would suggest. That is why we felt this was a murky issue on standing and why we thought it was best to address it on the merits, and we believe Judge Howell correctly did address it on the merits. Can I ask you something about—if you want to talk about merits? Yes. There are four zip codes in this country in which one person lives, according to the 2010 census. One person zip code. As to those people, the zip code is entirely identifying. So why wouldn't zip code apply as part of the address? It's as identifying as anything else. Well, first off, the plain language zip code, even by the definition that the plaintiffs embraced, wouldn't in every circumstance other than these four circumstances you just described not work. But in those particular circumstances— Well, either the zip code's in or either we need a full address. Would your theory be that if they had name, street number, city, state, zip code, but just didn't have—actually, they had even the number of the building but didn't have the apartment number, so it's not a complete address, would that violate the statute? I would certainly not counsel my client to do that. It's not what you would advise your client. My question is, would that violate the statute? It's not a complete address. I guess it would require one to assess whether the component of an address that had been requested would be sufficient for you to show up at their home, which is their address. In those four circumstances, that zip code might do it, Your Honor. I acknowledge that. And that's why I am thrilled that Judge Howell recognized that there were multiple fatal errors. I guess I'm back to asking for an answer to my question because you said you'd have to assess, and so I'd like to know what your assessment is, and that is if you have everything in the address except apartment number, does that violate the statute? Assume all the other elements of the statute are also satisfied. We're just trying to decide whether that's address within the meaning of the ID Act. I'd like to make sure I understand your hypothetical, Your Honor. So you're saying if after the credit card was swiped, the Urban Alfreds clerk said— Assume every element of this statute is satisfied, whatever facts you want. They said it's a condition of me processing. I'm not going to push this button here until you give me your entire address, and let's put it here on the credit card transaction form, but give me everything except your apartment number. Is that a violation? I understand that you've assumed away all of the other elements, and we're focusing on the address. I understand that. Can you tell me, Your Honor, in your hypothetical, do I say to you what street do you live on, what house number, what town? Is it each one of those? Everything except, yes, everything except a requirement of me processing your credit card, Ms. Customer, is that you put right down here on this credit card transaction form. All of the address except leave out the apartment number. I would never counsel my client to do that, and I would not be surprised if Your Honor's rules that that was seeking an address violative of the statute. That would not surprise me. The short answer would be yes, that would be a violation. Is that your short answer? I believe this Court would find it to be a violation. If we had street address but not house number. So we had the street, the name of the street, White House, Pennsylvania Avenue, Washington, D.C. I think they probably have their own zip code. Quite possible. So it doesn't have to be the full address. It has to be the address, that's what the plain language says. But not the full address. I thought you just conceded in two levels except the full address. I'll concede if the elements of an address are sufficient to identify where someone actually lives, that that would be a problem under this statute, yes. And then on your credit card transaction form argument, again, I just want to understand how the statute works. If as a condition, so I show up at Urban Outfitters, and I hand over my credit card, and the clerk says, I will not process this credit card sale unless you type into our computer here your name, address, full address, and telephone number. But by the way, that's not the credit card transaction form. That's just our separate database. Type it all in. Does that violate the statute? No, it doesn't. Because it's not, what do you understand the credit card transaction form to be? Well, in the olden days, when you did credit cards, there were paper slips. Today, what do you understand the credit card transaction form to be? If I walk into an Urban Outfitters today, what is the credit card transaction form? The only thing that I could possibly refer to in today's transactions would be your receipt, your credit card receipt that you get after the fact. And if that's not… What about the keypad that I'm typing my… Oh, certainly if you were required to type it into the keypad as a consumer before they swiped, there would be an issue there. But that's certainly not a form. Okay. Do you have anything else? If the Court has no other questions. Okay. Thank you. All right, Mr. Chernoff, we'll give you two minutes for rebuttal. Thank you. I just have two brief points. One is to address the last question raised. And we addressed this, I thought, at some length in the brief. The requirement in the statute is disjunctive. It's a request or record the information on the credit card transaction form. So to the extent Urban Outfitters' position is that the credit card transaction form, as it was contemplated 16, 17 years ago when the statute was written, doesn't exist anymore, and therefore they can do whatever they want to consumers and it can never matter because that form doesn't exist anymore. The statute's written and disjunctive, and the request is the violation. Can I give you a question? It sounded to me like from your certification argument that you thought it would be better if the D.C. Court of Appeals were to decide these statutory construction questions rather than this Court. Is that my understanding of your position? It is, because I think that the case— Then why did you sue in federal court? Well, we addressed that briefly, Your Honor, because we were probably going to end up here anyway, and for efficiency reasons. We had a number of reasons why we felt that this— Wait a minute. Efficiency reasons, and yet you want us to certify the question?  Do you know how long it takes to get a response to a certification from any state, including District 11? Your Honor, the question I was responding to was, why didn't we file a federal court a year and a half ago? And the reason is that we didn't anticipate that there was going to be any question about what the statute says. The statute says what it says. It does not say complete or full address. And so the Consumer Protection Act, as I mentioned earlier, actually says within the statute, you must construe this broadly to affect its purposes. The Consumer Information Act doesn't have the exact same language to the extent that creates genuine uncertainty. If any court is going to eviscerate this Consumer Protection statute, it ought to be the D.C. Court of Appeals and not federal court. So I just— Last point briefly is to go to your example about what, you know, he said he wouldn't counsel his client to do it. It's worse than that because of something called the enhanced zip code, which shows up in the addendum to our brief. An enhanced zip code is the 5 plus 4 that commercial businesses typically use. The United States Postal Service, a federal creature, wants all of us to use it, and we mostly don't. But because that is the complete address, as this trial court has read into the remedial statute, the clerk had asked for my street name, number, unit number, city, state, and my 5-digit zip code, and under this court's analysis and under Urban Outfitters' position, that's okay. And that, remember, this violates not just the Consumer Information Act, that we haven't discussed much, the Consumer Protection Act. It is an independent violation to make a misleading statement. When you're making that request during the transaction, whether or not you actually say, I require your zip code in order to process or complete this transaction, the request is a misleading request. Is the request a statement? Yes. For our purposes, it is. For your purposes, it is. Can I take you back to the gas station a moment? Part of your response was it's not a person they're giving it to. That says it says retailer. It doesn't say person, does it? It doesn't judge. So it would be a violation, then, at the gas station, under your interpretation, right? I'd have to think about it, Your Honor. You haven't thought about that? I have thought about it in the context. Did you mention the gas station first before you addressed it? I understand that. I thought about it since I started reading this case. Okay. Well, and it's addressed in, I think, maybe one of the California-Massachusetts cases. But there's – and perhaps because in those jurisprudence, there is a specific exception. There's not here. It's not obvious to me. There's not one here. It doesn't have security in Part B here. Thank you very much for your time. Thank you. Case is submitted. Thank you. We'll take a five-minute recess.
judges: Millett, Edwards, Sentelle